IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Troy Luke Burks, ) | C/A No.: 1:14-9-DCN-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | |
| S.C. Dept. of Probation, Parole & ) | |
| Pardon Service; Kela E. Thomas, ) | |
| Director; and Mr. Sutherland, Parole ) | |
| Examiner, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Troy Luke Burks, proceeding pro se and in forma pauperis, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that the South Carolina Department of Probation, Parole, and Pardon Service ("SCDPPPS"), its Director Kela E. Thomas, and Mr. Sutherland, Parole Examiner at Perry Correctional Institution, (collectively "Defendants") violated Plaintiff's right to due process by ruling him ineligible for parole. [Entry #1 at 3]. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss defendant SCDPPPS from this case without prejudice and without issuance and service of process.[1]

---

[1] A separately-docketed order directs service of Plaintiff's claims against the remaining defendants.

I.  Factual and Procedural Background

Plaintiff, now an inmate at McCormick Correctional Institution, alleges that the "procedures employed by the Parole Board" in ruling him "permanently ineligible and unsuitable for parole" are unconstitutional and violate his right to due process [Entry #1 at 4–5]. Plaintiff seeks reinstatement of annual parole review. *Id.* at 5.

II.  Discussion

A.  Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The

mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.   Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). While Plaintiff's claims for prospective injunctive relief are cognizable against defendants Thomas and Sutherland, Plaintiff's allegations against SCDPPPS are subject to summary dismissal.

The Eleventh Amendment bars suits by citizens against non-consenting states brought either in state or federal court. *See Alden v. Maine*, 527 U.S. 706, 712–13 (1999); *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Hans v. Louisiana*, 134 U.S. 1 (1890). Such immunity extends to arms of the state, including a state's agencies and instrumentalities and employees. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984); *see also Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *Will v. Michigan Dep't of State Police*, (491 U.S. 58, 71 (1989). An exception to Eleventh Amendment immunity for state officers was announced in *Ex parte Young*, 209 U.S. 123 (1908), "which permits a federal court to

3

issue prospective, injunctive relief against a state officer to prevent ongoing violations of federal law." *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010). A violation is considered ongoing "when a state officer's enforcement of an allegedly unconstitutional state law is threatened." *Id.* (citation omitted). Therefore, because Plaintiff seeks injunctive relief, defendants Thomas and Sutherland are proper parties.

The Eleventh Amendment also bars this court from granting injunctive relief against the state or its agencies, such as SCDPPPS. *See Alabama v. Pugh*, 438 U.S. 781 (1978); *Seminole Tribe of Florida*, 517 U.S. at 58. While sovereign immunity does not bar suit where a state has given consent to be sued, or where Congress abrogates the sovereign immunity of a state, neither of those exceptions apply in the instant case.[2] Therefore, Plaintiff's claims against defendant SCDPPPS are subject to summary dismissal.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends defendant South Carolina Department of Probation, Parole and Pardon Service be dismissed without prejudice and without issuance and service of process.

---

[2] Congress has not abrogated the states' sovereign immunity under § 1983, *see Quern v. Jordan*, 440 U. S. 332, 343 (1979), and South Carolina has not consented to suit in federal district court. S.C. Code Ann § 15-78-20(e).

4

    IT IS SO RECOMMENDED.

*Shiva V. Hodges*

February 4, 2014                        Shiva V. Hodges
Columbia, South Carolina         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).