IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Troy Luke Burks, | ) | C/A No.: 1:14-9-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Kela E. Thomas, Director; and Mr. Sutherland, Parole Examiner, | ) ) | |
| | ) | |
| Defendants. | ) ) | |

Plaintiff Troy Luke Burks, proceeding pro se and in forma pauperis, is an inmate incarcerated at McCormick Correctional Institution in the custody of the South Carolina Department of Corrections. He brings this action pursuant to 42 U.S.C. § 1983 alleging that Kela E. Thomas, Director of the South Carolina Department of Probation, Parole, and Pardon Service ("SCDPPPS"), and Mr. Sutherland, Parole Examiner at Perry Correctional Institution, ("Defendants") violated his constitutional rights.

This matter is before the court on Defendants' motion for summary judgment [Entry #32]. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Plaintiff of the summary judgment procedures and the possible consequences if he failed to respond adequately to Defendants' motion. [Entry #34]. This motion having been fully briefed [Entry #39], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because this motion is dispositive, this report and recommendation is entered for review by

the district judge. For the following reasons, the undersigned recommends the district judge grant Defendants' motion for summary judgment.

I.     Factual and Procedural Background

On September 13, 1989, a judge sentenced Plaintiff to consecutive terms of thirty years in prison for criminal sexual conduct in the first degree, five years for assault and battery of a high and aggravated nature, and life for the offense of kidnapping. [Entry #32-1 at 1]. The court ordered these sentences to be served consecutively. *Id.* At the time of his conviction, Plaintiff was eligible for parole after he served ten years imprisonment. S.C. Code Ann. § 24-21-610 (Supp. 1986). If parole were denied, Plaintiff's parole eligibility would be considered every two years thereafter. S.C. Code Ann. § 24-21-645 (Supp. 1986). On December 2, 1998, Plaintiff first appeared before the parole board, which denied him parole. [Entry #32-1 at 1]. Plaintiff has appeared seven more times before the parole board and has been denied parole each time. *Id.* Following his most recent denial in June 2013, Plaintiff filed this action, alleging that the "procedures employed by the parole board" violate his right to due process by effectively ruling him "permanently ineligible and unsuitable for parole." [Entry #1 at 4–5; Entry #1-3 at 2]. Plaintiff also argues that the biannual review of his parole eligibility has been applied ex post facto and violates South Carolina law.  [Entry #1 at 5].

II.    Discussion

A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter

2

of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

B.   Analysis

Defendants seek summary judgment, arguing that Plaintiff was provided a biannual hearing before the parole board as required under South Carolina and federal law. [Entry #32-1 at 3–5]. Plaintiff argues that he was denied "elements of fundamental fairness" because the parole board did not adequately consider his case. [Entry #39-1 at 1].[1]

Plaintiff has not offered any evidence showing that Defendants violated his due process rights. While the Fourteenth Amendment does not confer a liberty interest in parole itself, it does protect a liberty interest in parole eligibility conferred by statute. *See Wilkinson v. Dotson*, 544 U.S. 74 (2005). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir. 1996). As such, Plaintiff is entitled to a hearing before an impartial board and notice of the results of the hearing. *See James v. SCDPPPS*, 656 S.E.2d 399 (S.C. 2008) (holding that an inmate has the right to a parole hearing); *Vann*, 73 F.3d at 522 (holding that "parole authorities must 'furnish to the prisoner a statement of its reasons for denial of parole.'"). The record before the court establishes that Plaintiff received due process. On June 5, 2013, Plaintiff appeared before the parole board, and on June 6, 2013, he received the results of his parole hearing outlining the reasons why he was denied parole. [Entry #1-3 at 2, 5].

Plaintiff appears to argue that the biannual review of his eligibility has been applied retroactively and he is entitled to a more frequent review. When Plaintiff was convicted in

---

[1] Plaintiff also argued in his response that Defendants failed to provide him with discovery materials necessary to oppose summary judgment. [Entry #39 at 1–2]. However, on June 6, 2014, the undersigned denied Plaintiff's motion to compel, as it was untimely filed a month after the responses were due and after the deadline for discovery expired. [Entry #41].

1989, South Carolina law provided for biannual review of parole eligibility for prisoners in confinement for violent crimes. S.C. Code Ann. § 24-21-645 (Supp. 1986). Plaintiff is receiving the same frequency of review that was required by South Carolina law on the date of his conviction. Therefore, because there is no increase in his punishment, there is no ex post facto violation. *See Jernigan v. State*, 531 S.E.2d 507, 509 (S.C. 2000) (finding that an ex post facto violation only occurs when a change in the law retroactively alters the definition of a crime or increases the punishment for a crime).

As for Plaintiff's claims that the parole board's reasons for denying him parole make him "permanently ineligible and unsuitable for parole," federal courts allow state parole authorities wide discretion and should not become involved in the merits of either the state's parole statutes or its individual parole decisions. *Franklin v. Shields,* 569 F.2d 784, 800 (4th Cir. 1977); *see also Vann,* 73 F.3d at 522.

III.   Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court grant Defendants' motion for summary judgment [Entry #32].

IT IS SO RECOMMENDED.

September 10, 2014                              Shiva V. Hodges
Columbia, South Carolina                   United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).